CANBY, Circuit Judge:
 

 The question before us is whether a fraud determination by the Tax Court, which resulted from a petitioner’s failure to controvert the Commissioner’s allegations of fraud and otherwise to participate in the proceedings, collaterally estops that petitioner from contesting the fraud in a subsequent bankruptcy proceeding. We hold that it does not, because the question of fraud was not “actually litigated” in the Tax Court proceeding.
 

 BACKGROUND
 

 I. Tax Court Proceedings
 

 The Internal Revenue Service mailed taxpayer Gale A. Palmer a notice of deficiency for the years 1979 through 1983. Palmer filed a timely petition for a rede-termination of his tax liability in the United States Tax Court. Palmer asserted that he was not liable for any of the taxes or penalties. The Commissioner of Internal Revenue filed an answer that included affirmative allegations of tax fraud against Palmer. Palmer failed to respond to the Commissioner’s answer and affirmative allegations. The Commissioner then filed a motion requesting that the Tax Court deem these allegations admitted pursuant to Tax Court Rule 37(c), I.R.C. foil. § 7453. Palmer did not file a timely response.
 
 [1]
 
 The Tax Court granted the Commissioner’s motion and deemed the allegations admitted.
 

 In light of the admissions, the Commissioner filed a motion for summary judgment. Palmer did not enter a pretrial stipulation of facts, and he made no appearance to dispute the motion for summary judgment. Predictably, the Tax Court granted the motion and found that Palmer had engaged in tax fraud. Palmer did not appeal, and the decision became final.
 

 II. Bankruptcy Court Proceedings
 

 The Palmers subsequently filed a petition for relief under Chapter 7 of the Bankruptcy Code.
 
 [2]
 
 They then filed an adversary proceeding against tbs Commissioner seeking a discharge of their federal income tax debts for the years 1980 through 1983. The Commissioner filed a motion for summary judgment, arguing that the debt was non-disehargeable under 11 U.S.C. § 523(a)(1)(C) because of tax fraud. To support the motion, the Commissioner submitted the Tax Court’s determination that Palmer had engaged in tax fraud. The bankruptcy court held that the Tax Court’s determination was preclusive, and granted the summary judgment motion denying the discharge. The Bankruptcy Appellate Panel reversed on the ground that Palmer essentially defaulted in the Tax Court and therefore the fraud issue was not “actually litigated.” The United States now appeals. We have jurisdiction pursuant to 28 U.S.C. § 158(d).
 

 ANALYSIS
 

 We review de novo a decision of the Bankruptcy Appellate Panel.
 
 In re Arden,
 
 176 F.3d 1226, 1227 (9th Cir.1999). We also review de novo the bankruptcy court’s application of collateral estoppel.
 
 *568
 

 See Clark v. Bear Stearns & Co.,
 
 966 F.2d 1318, 1320 (9th Cir.1992).
 

 Collateral estoppel is appropriate when the following elements are met:
 

 (1) there was a full and fair opportunity to litigate the issue in the previous action;
 

 (2) the issue was actually litigated in that action;
 

 (3) the issue was lost as a result of a final judgment in that action; and
 

 (4) the person against whom collateral estoppel is asserted in the present action was a party or in privity with a party in the previous action.
 

 Pena v. Gardner,
 
 976 F.2d 469, 472 (9th Cir.1992);
 
 see generally Parklane Hosiery Co. v. Shore,
 
 439 U.S. 322, 329, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979); Charles Alan Wright,
 
 Law of Federal Courts
 
 724-26 (5th ed.1994). Because the parties do not dispute that requirements (1), (3) and (4) are met here, the critical issue is whether Palmer’s alleged tax fraud was “actually litigated” in the prior Tax Court proceeding. We conclude that it was not.
 

 We begin with the proposition that a default judgment is generally not entitled to collateral estoppel effect because there is no actual litigation of issues.
 
 See In re Gottheiner,
 
 703 F.2d 1136, 1140 (9th Cir.1983);
 
 see also In re Raynor,
 
 922 F.2d 1146, 1150 (4th Cir.1991);
 
 Lombard v. Axtens,
 
 739 F.2d 499, 502 (10th Cir.1984). For all practical purposes, Palmer’s adverse fraud ruling in the Tax Court was the product of a default. Palmer petitioned pro se for a redetermination of his tax liability in the Tax Court. He did nothing after that. He did not substantially participate in the proceedings. The government introduced no evidence 'of fraud; it simply made allegations of fraud in its answer to the petition. Palmer made no reply. He did not respond to the Commissioner’s motion to deem the uncontro-verted assertions admitted pursuant to Tax Court Rule 37(c). He participated in no discovery. He ignored the Commissioner’s motion for summary judgment.
 

 Although Palmer’s behavior may not amount to a classic default, because he initiated the Tax Court proceeding, it is close enough for present purposes. Once Palmer filed his Tax Court petition to contest the deficiency, he did nothing else. The government’s fraud assertions placed him in a defensive position, which he totally abandoned. In these circumstances, we agree with the Bankruptcy Appellate Panel that the issue of fraud was not “actually litigated” in the Tax Court.
 

 The government argues that Palmer is in no different position from a litigant who loses a summary judgment motion because of a failure to controvert affidavits submitted in support of the motion. The government relies on
 
 Gottheiner.
 
 But the usual summary judgment comes after a greater degree of participation and involvement by the losing party than was the case with Palmer.
 
 Gottheiner
 
 is an example:
 

 Gottheiner did not simply give up from the outset. For sixteen months he actively participated in litigation on behalf of himself and CCHCS. That after many months of discovery Gottheiner decided his case was no longer worth the effort does not alter the fact that he had his day in court.
 

 Gottheiner,
 
 703 F.2d at 1140. Palmer, of course, did give up at the outset. He did not engage in any obstructive tactics that might result in collateral estoppel “without completion of the usual process of adjudication.”
 
 In re Daily,
 
 47 F.3d 365, 368 (9th Cir.1995);
 
 see also In re Bush,
 
 62 F.3d 1319, 1324 (11th Cir.1995) (giving preclu-sive effect to a default judgment entered as a sanction against party who had “engaged in dilatory and deliberately obstructive conduct”). He did nothing. Whatever may be said about the preclusive effect of the usual summary judgment, Palmer’s “deemed admissions” came at too incipient a stage of litigation that he had abandoned at the outset to permit a conclusion that the fraud issue was “actually litigated.”
 

 
 *569
 
 CONCLUSION
 

 Because we find that the fraud allegations against Palmer were not “actually litigated” in the Tax Court, we affirm the decision of the Bankruptcy Appellate Panel and remand for further appropriate proceedings.
 

 AFFIRMED; REMANDED.
 

 [1]
 

 . In Januaiy 1986, Palmer tried to make an untimely response to the Commissioner's motion. The Tax Court’s clerk did not file the response and informed Palmer that, to participate further in the proceedings, he must submit a motion to vacate the order. Palmer filed no such motion.
 

 [2]
 

 . Julie Palmer is a co-plaintiff and is listed as an appellee. The bankruptcy court, however, found that Gale Palmer's fraud could not be attributed to Julie and accordingly discharged her tax liability. The United States did not appeal that finding. Consequently, we use "Palmer” to refer to Gale Palmer only.