T.C. Memo. 2003-333



UNITED STATES TAX COURT



JOHN R. TONEY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent



Docket No. 10683-01.          Filed December 4, 2003.


    P reported taxable income of "zero" on his 1986
tax return, claiming he was not liable for tax due as
no section of the Internal Revenue Code imposed a tax
upon him.  P was charged with, and subsequently pleaded
guilty to, one count of criminal tax evasion for 1986
in violation of 26 U.S.C. sec. 7201 (2000).

    R determined a deficiency of $14,611, additions to
tax for fraud pursuant to sec. 6653(b), I.R.C., and an
addition to tax for substantial understatement pursuant
to sec. 6661, I.R.C.  On Feb. 10, 2003, R moved for
summary judgment.

    <u>Held</u>:  R's motion for summary judgment is granted
in full.

    <u>Held</u>, <u>further</u>, P is liable for a deficiency in the
amount of $14,611 for 1986 based on his deemed
admission.

    <u>Held</u>, <u>further</u>, P is liable for the additions to
tax for fraud pursuant to sec. 6653(b), I.R.C.  Based

on the doctrine of collateral estoppel, R has shown
that there is an underpayment in P's income tax for
1986 and part of the underpayment is due to fraud
within the meaning of sec. 6653(b), I.R.C.  P has
failed to set forth specific facts in the pleadings, in
his objection to R's motion for summary judgment, or at
the hearing, showing there is a genuine dispute as to
the portion of the underpayment not attributable to
fraud.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322
(1986); Matsushita Elec. Indus. Co. v. Zenith Radio
Corp., 475 U.S. 574, 587 (1986).  Accordingly, the
entire underpayment is attributable to fraud as a
matter of law.

Held, further, P is liable for the addition to tax
pursuant to sec. 6661, I.R.C.

John R. Toney, pro se.

Robert S. Scarbrough, for respondent.

MEMORANDUM OPINION

VASQUEZ, Judge:  This case is before the Court on
respondent's motion for summary judgment.  The issues for
decision are:  (1) Whether petitioner is liable for a deficiency
of $14,611[1] in his 1986 Federal income taxes; (2) whether
petitioner is liable for additions to tax under section
6653(b)(1);[2] and (3) whether petitioner is liable for the
addition to tax under section 6661.

---

[1]  All amounts are rounded to the nearest dollar.

[2]  Unless otherwise indicated, all Rule references are to
the Tax Court Rules of Practice and Procedure, and all section
references are to the Internal Revenue Code for the year in
issue.

Background

At the time he filed the petition, petitioner resided in Castle Rock, Washington. Petitioner graduated in 1975 from Palmer College of Chiropractic in Davenport, Iowa. Petitioner formed Toney Chiropractic Center, a sole proprietorship, in 1977 and worked there during the relevant time period.

Petitioner reported taxable income of "zero" on his individual income tax return for 1986. Petitioner attached to his Form 1040A, U.S. Individual Income Tax Return, a "summary of income items". He estimated that his wages were $20,000, and noted "due to lost or stolen records, and unavailability of information this figure is an estimated amount". Petitioner also attached to his Form 1040A a note in which he claimed he was not liable for tax due, as no section of the Internal Revenue Code imposed a tax upon him. Petitioner submitted tax returns for the taxable years 1979 through 1985 and 1987 through 1991 containing similar frivolous arguments and claiming zero tax liability.

By Information dated February 23, 1996, the U.S. Attorney for the Western District of Washington (U.S. Attorney) charged petitioner with criminal tax evasion under section 7201 for the taxable year 1986.

On March 13, 1996, petitioner entered into a plea agreement with the U.S. Attorney. Petitioner pleaded guilty to one count

of tax evasion in violation of section 7201. Petitioner admitted:

> On or about November 2, 1990, within the Western District of Washington, [he] * * * submitted to the Internal Revenue Service, a 1986 U.S. Individual Income Tax Return, for which he claimed he was not a taxpayer within the meaning of federal tax laws and therefore not subject to payment of taxes, as required by law. [Petitioner]'s tax due and owing for the calendar year 1986 was $14,611, which he did not pay. As evidenced by cashing out income checks, not using business bank accounts, paying expenses with cash or money orders, attempting to place assets in the name of the Basic Bible Church, and destroying business records, [petitioner] acknowledges that he attempted to evade federal taxes due and owing for the tax year 1986, the likely effect of which was to mislead or conceal.

On July 19, 1996, the U.S. District Court for the Western District of Washington (U.S. District Court) accepted petitioner's plea and entered judgment against petitioner. The U.S. District Court directed petitioner to pay restitution to respondent in the amount of $14,611. The U.S. District Court held a hearing for petitioner, pursuant to rule 11 of the Federal Rules of Criminal Procedure, before it accepted petitioner's plea.

Petitioner did not appeal the judgment of the U.S. District Court.

On May 24, 2001, respondent issued a notice of deficiency. Respondent determined a deficiency of $14,611, and additions to tax of $10,958 pursuant to section 6653(b)(1)(A), 50 percent of

interest on $14,611 pursuant to section 6653(b)(1)(B), and $3,653 pursuant to section 6661.

Petitioner timely filed a petition with the Court. Petitioner disagrees with the following adjustments in the notice of deficiency: (1) Calculation of $14,611 as the amount of the deficiency; (2) additions to tax for fraud pursuant to section 6653(b); and (3) addition to tax for substantial understatement pursuant to section 6661.

On February 10, 2003, respondent moved for summary judgment. On March 10, 2003, petitioner filed a response opposing summary judgment. On March 24, 2003, we heard oral argument on the motion.

Discussion

Summary judgment under Rule 121 is derived from rule 56 of the Federal Rules of Civil Procedure. In any question turning on the interpretation of Rule 121, the history of rule 56, Federal Rules of Civil Procedure, and the authorities interpreting such rule are considered by the Court. See Hoeme v. Commissioner, 63 T.C. 18, 21 (1974).

Rule 121(a) provides that either party may move for summary judgment upon all or any part of the legal issues in controversy. Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Summary judgment is

appropriate "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law."  Rule 121(b); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988); Naftel v. Commissioner, 85 T.C. 527, 529 (1985).

The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to the party opposing summary judgment.  Celotex Corp. v. Catrett, supra at 322; Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982).  The inferences to be drawn from the facts are to be viewed in the light most favorable to the non-moving party.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 588 (1986).  When the moving party has carried its burden, however, the party opposing the summary judgment motion must do more than simply show that "there is some metaphysical doubt as to the material facts."  Id. at 586.  The party opposing the motion "may not rest upon the mere allegations or denials of his pleadings, but * * * must set forth specific facts showing there is a genuine issue for trial."  Anderson v. Liberty Lobby,

Inc., 477 U.S. 242, 248 (1986). Where the record viewed as a whole could not lead a reasonable trier of fact to find for the non-moving party, there is no "genuine issue for trial". Matsushita Elec. Indus. Co. v. Zenith Radio Corp., supra at 587.

Summary judgment is appropriate where the facts deemed admitted pursuant to Rule 90(c) support a finding that there is no genuine issue as to any material fact. Marshall v. Commissioner, 85 T.C. 267, 271-272 (1985).

## Issue 1. Liability for Deficiency

Respondent seeks judgment as a matter of law regarding petitioner's deficiency for 1986. Petitioner argues that he is not liable for a deficiency of $14,611.

On December 24, 2002, respondent filed respondent's requests for admission. Petitioner did not respond to the requests for admission. Each matter of which respondent requested admission is deemed admitted. Rule 90(c); see also Marshall v. Commissioner, supra at 271-272.

Pursuant to respondent's requests for admission, petitioner is deemed to have admitted that "his tax due and owing for the calendar year 1986 was $14,611, which he did not pay". We also note that petitioner voluntarily signed a plea agreement in his criminal case in which he admitted to owing a tax liability for 1986 in the amount of $14,611.

Based on the deemed admission, we find petitioner is liable

for a deficiency in the amount of $14,611 for 1986.

## Issue 2.  Additions to Tax Under Section 6653(b)(1)

Respondent seeks judgment against petitioner for additions to tax for fraud.  Respondent calculated the fraud additions on $14,611, the full amount of the underpayment.

Section 6653(b) provides:

>     (1) In general.--If any part of any underpayment * * * of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to the sum of-

>         (A) 75 percent of the portion of the underpayment which is attributable to fraud, and

>         (B) an amount equal to 50 percent of the interest payable under section 6601 with respect to such portion * * *.

>     (2) Determination of portion attributable to fraud.--If the Secretary establishes that any portion of an underpayment is attributable to fraud, the entire underpayment shall be treated as attributable to fraud, except with respect to any portion of the underpayment which the taxpayer established is not attributable to fraud.

In order to carry the burden of proof on the issue of fraud, respondent must show that (1) an underpayment of tax exists and (2) some portion of the underpayment is due to fraud.  Petzoldt v. Commissioner, 92 T.C. 661, 699 (1989).  Respondent argues that collateral estoppel applies to meet his burden.  In support, respondent submitted petitioner's Form 1040A, the notice of deficiency, the judgment of the U.S. District Court, the Information, and the plea agreement signed by petitioner.

Petitioner opposes collateral estoppel. Petitioner also argues that he did not have a fair opportunity to contest the $14,611 figure at trial in the criminal proceeding and that he received ineffective assistance of counsel in the criminal proceeding.

Collateral estoppel precludes relitigation of any issue of fact or law that was actually litigated and necessarily determined by a valid and final judgment. Montana v. United States, 440 U.S. 147, 153 (1979). Collateral estoppel applies when "(1) there was a full and fair opportunity to litigate the issue in the previous action; (2) the issue was actually litigated in that action; (3) the issue was lost as a result of a final judgment in that action; and (4) the person against whom collateral estoppel is asserted in the present action was a party or in privity with a party in the previous action". In re Palmer, 207 F.3d 566, 568 (9th Cir. 2000) (quoting Pena v. Gardner, 976 F.2d 469, 472 (9th Cir. 1992); Parklane Hosiery Co. v. Shore, 439 U.S. 322, 329 (1979)).

We are satisfied that the issue in the present case regarding fraudulent intent is the same as the issue that was presented and determined adversely against petitioner in the criminal case. The underlying issue in this case is that of fraud. Petitioner's prior conviction was based on fraud; i.e., the charge of his knowingly and willfully attempting to evade

Federal income tax by filing a false and fraudulent Federal income tax return in violation of section 7201.

Petitioner had a full and fair opportunity to litigate the fraud issue in U.S. District Court. It is well established that the elements of criminal tax evasion under section 7201 are similar to the elements of civil tax fraud under section 6653(b). Gray v. Commissioner, 708 F.2d 243, 246 (6th Cir. 1983), affg. T.C. Memo. 1981-1.

This issue was actually litigated to conclusion by petitioner's plea of guilty. See McCarthy v. United States, 394 U.S. 459, 466 (1969) (a guilty plea constitutes an admission of all the elements of the criminal charge); Gray v. Commissioner, supra at 246 (a "guilty plea is as much a conviction as a conviction following jury trial"); Arctic Ice Cream Co. v. Commissioner, 43 T.C. 68, 75 (1964) ("a plea of guilty * * * is a conclusive judicial admission of all of the essential elements of the offense which the indictment charges"). It is immaterial that a conviction is based upon a guilty plea, rather than a trial on the merits. Arctic Ice Cream Co. v. Commissioner, supra.

The U.S. District Court, a court of competent jurisdiction, rendered a final judgment that is no longer subject to appeal. In addition, it is clear that the parties to the two proceedings are the same. Petitioner in the present case was the defendant in

the criminal case.  It is well established that respondent is a party in privity with the United States.  See Amos v. Commissioner, 43 T.C. 50, 52 (1964) (privity exists between the United States and the Commissioner of Internal Revenue), affd. 360 F.2d 358 (4th Cir. 1965).

We are unpersuaded by petitioner's arguments concerning waiver of his constitutional rights.  "A defendant who enters such a plea simultaneously waives several constitutional rights, including * * * his right to trial by jury, and his right to confront his accusers."  McCarthy v. United States, supra at 466. Petitioner is an educated individual.  Petitioner voluntarily signed the plea agreement.  The plea agreement clearly states the rights petitioner forfeited in return for a more lenient sentence.  Petitioner was further advised of his rights by the U.S. District Court at the rule 11 hearing.

We are also unpersuaded by petitioner's arguments concerning ineffective assistance of counsel and inability to question the Government's evidence and calculations at trial in the criminal case.  Petitioner failed to appeal his conviction.  Petitioner should have raised these objections on direct appeal of the criminal case, if he so desired.  Lilley v. Commissioner, T.C. Memo. 1989-602, affd. without published opinion 925 F.2d 417 (3d Cir. 1991).  Petitioner's allegations are not of the character to warrant an exception to collateral estoppel.  See Klein v.

Commissioner, 880 F.2d 260 (10th Cir. 1989), affg. T.C. Memo. 1984-392; Wapnick v. Commissioner, T.C. Memo. 1997-133.

Consistent with the foregoing, petitioner's criminal conviction under section 7201 with respect to his 1986 taxable year collaterally estops him from denying in the present civil tax proceeding: (1) There is an underpayment in his income tax for 1986, and (2) part of the underpayment is due to fraud within the meaning of section 6653(b). Tomlinson v. Lefkowitz, 334 F.2d 262, 266 (5th Cir. 1964); C.B.C. Super Mkts., Inc. v. Commissioner, 54 T.C. 882, 893 (1970).

Section 6653(b)(2) provides: "If the Secretary establishes that any portion of an underpayment is attributable to fraud, the entire underpayment shall be treated as attributable to fraud, except with respect to any portion of the underpayment which the taxpayer establishes is not attributable to fraud." As previously discussed, respondent has established through the doctrine of collateral estoppel that a portion of the underpayment is due to fraud. As a matter of law, this finding establishes that the entire portion of the underpayment is attributable to fraud and shifts to petitioner the burden to establish that a portion of the underpayment is not attributable to fraud. Under the standards for summary judgment, the burden shifts to petitioner to "come forward with 'specific facts showing there is a genuine issue for trial.'" Matsushita Elec.

Indus. Co. v. Zenith Radio Corp., 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e)).  "There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a [factfinder] to return a verdict for that party."  Anderson v. Liberty Lobby, Inc., 477 U.S. at 248.

Whether a portion of the underpayment is not attributable to fraud is a genuine issue of material fact in fraud cases.  When respondent has established that a portion of the underpayment is attributable to fraud, petitioner must set forth specific facts showing there is a genuine dispute as to the portion of the underpayment not attributable to fraud.  Otherwise, by operation of law pursuant to section 6653(b), the entire underpayment is attributed to fraud.

Petitioner has failed to sustain his burden.  Petitioner has presented no specific facts indicating that a portion of the underpayment is not attributable to fraud.  Petitioner presented no documents or testimony concerning nonfraudulent actions taken as to any portion of the underpayment.  Petitioner offered no testimony under oath at the oral argument or affidavit concerning the portion of the underpayment not attributable to fraud.  The exhibits attached to petitioner's Response Opposing Motion for Summary Judgment likewise fail to raise an issue of fact as to the portion of the underpayment which is not attributable to fraud.

Accordingly, respondent's showing that a portion of the underpayment is attributable to fraud based on the application of the doctrine of collateral estoppel leads to the conclusion that the entire underpayment is attributable to fraud pursuant to section 6653(b) as a matter of law, in light of petitioner's failure to raise a triable issue of fact whether a portion of the underpayment is not attributable to fraud.

Issue 3. Substantial Understatement of Tax

The final issue for decision is whether petitioner is liable for the addition to tax under section 6661. For assessments made after October 21, 1986, section 6661(a) provides for an addition to tax equal to 25 percent of the amount of any underpayment attributable to a substantial understatement of tax. See Omnibus Budget Reconciliation Act of 1986, Pub. L. 99-509, sec. 8002(a), 100 Stat. 1951. An understatement is substantial if it exceeds the greater of $5,000 or 10 percent of the tax required to be shown on the return. See sec. 6661(b). The amount of the understatement may be reduced under section 6661(b)(2)(B) for amounts adequately disclosed or supported by substantial authority.

Petitioner reported income tax liability in the amount of "zero". We have found petitioner liable for taxes in the amount of $14,611 for 1986. Petitioner understated his income taxes by $14,611. See sec. 6661(b)(2). The understatement exceeds both

10 percent of the tax required to be shown on the return for the taxable year in issue and $5,000. See sec. 6661(b)(1)(A). Accordingly, petitioner's understatement is substantial. Neither exception under section 6661(b)(2)(B) applies because no amounts were adequately disclosed or supported by substantial authority.

We have considered all arguments made by the parties, and to the extent not mentioned above, we find them to be irrelevant or without merit.

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.[3]

---

[3] It is undisputed that petitioner has paid to respondent $2,925 in restitution pursuant to the order of the U.S. District Court. We expect petitioner to be given credit for his $2,925 restitution payment for taxable year 1986. Cf. <u>M.J. Wood Associates, Inc. v. Commissioner</u>, T.C. Memo. 1998-375.