**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

APR 18 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| PANAGIOTIS THEODOROPOULOS, DBA Aliki's Greek Taverna, DBA Eliki Olive Oil, LLC, an individual; ELIKI OLIVE OIL, LLC, DBA Aliki's Greek Taverna, a California limited liability company, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> COUNTY OF LOS ANGELES; JONTHAN FIELDING, individual; ANGELO BELLOMO, individual; JACQUELINE TAYLOR, individual; TERRANCE POWELL, individual; NWAMAKA ORANUSI, individual; LETAUN COLE COTTON, individual; VERNY GRAJEDA, individual; ZIAD ASKAR, individual; JANGBIR SINGH, individual, <br><br> Defendants-Appellees. | No. 15-56728 <br><br> D.C. No. 2:15-cv-00441-JGB-RZ <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted April 7, 2017[]
Pasadena, California

Before:  McKEOWN and CALLAHAN, Circuit Judges, and QUIST,[***] District Judge.

Panagiotis Theodoropoulos and Eliki Olive Oil LLC (collectively, "the Plaintiffs") appeal from the District Court's dismissal of their 42 U.S.C. § 1983 and 18 U.S.C. § 1962 causes of action ("federal claims").  We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.[1]

The Plaintiffs' federal claims rely on factual allegations that fall into one of two categories: (1) allegations that are based on conduct that occurred prior to the Plaintiffs filing a lawsuit against Los Angeles County ("County") and its employees in 2012 ("the 2012 suit"); and (2) allegations that are based on conduct that occurred after the 2012 suit was filed.

To the extent the Plaintiffs' federal claims are based on category one allegations, they are barred by claim preclusion, as they arise from the same transactional nucleus of facts that the 2012 suit's claims did, they could have been

---

[**]  The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]  The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation.

[1]  As the parties are familiar with the facts and procedural history, we restate them here only as necessary to explain our decision.

brought in the 2012 suit, judgment was entered in the 2012 suit, and the defendants in this case are the same as, or in privity with, the named defendants in the 2012 suit ("2012 defendants").[2] *See Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077–78 (9th Cir. 2003).

The Plaintiffs' contention that privity is lacking here because this case names defendants that were not named in the 2012 suit is without merit. Like the individual defendants in the 2012 suit, all of the newly named defendants in this case are County employees and are being sued for actions they allegedly took while acting in that capacity. Thus, privity exists here. *See Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984) (per curiam) (affirming the application of res judicata in a case where "[d]ifferent individuals [we]re named defendants in the two suits" because "all [we]re employees of the FCC who participated in the inquiry in which records of [the appellant's] donations were sought").

As for the Plaintiffs' argument that they could not have brought their 18 U.S.C. § 1962 claims in the 2012 suit because "the current racketeering claims of fraud were not learned, nor could they have been learned, until well after the filing of the 2012 [suit]," it too fails. Among other RICO-esque allegations, the

---

[2] Although the District Court's dismissal was not based on claim preclusion, we may affirm "on any ground that is supported by the record." *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 (9th Cir. 2006).

3

complaint in the 2012 suit asserted that County employees were engaged in a "continual conspiracy to overcharge and unlawfully obtain moneys from [the] Plaintiffs." The complaint in the 2012 suit also averred that the County employees constituted "a criminal enterprise that engage[d] in deception and [] was hidden behind the veil of legitimacy that comes along with [its] public agency status." What's more, the injurious conduct that is alleged in this case in support of the Plaintiffs' § 1962 claims is not materially different from the conduct asserted in the 2012 suit. Thus, the Plaintiffs cannot avoid the application of claim preclusion to their § 1962 claims by arguing that the factual predicate for such claims did not exist prior to the filing of the 2012 suit. *See Tahoe-Sierra Pres. Council, Inc.*, 322 F.3d at 1077–78 (stating that "an imaginative attorney may [not] avoid preclusion by attaching a different legal label to an issue that has, or could have, been litigated").

To the extent the Plaintiffs' federal claims are based on category two allegations, they were properly dismissed because of issue preclusion. Here, the only post-filing injurious misconduct that the amended complaint ("FAC")

4

adequately alleges is the collection of the County's fees.[3]  However, in the 2012

suit, the District Court found that the collection of the County's fees was not

improper because such fees were neither excessive nor illegal.  The FAC does not

allege that the County altered its fee schedule in any meaningful way or that

County employees changed their collection practices following the filing of the

2012 suit.  As a result, the Plaintiffs are barred from suing the defendants for

continuing to engage in conduct that was previously found legally permissible.  *See*

*In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 11 F.3d 1460, 1463–64

(9th Cir. 1993) (applying issue preclusion to bar antitrust claims based on conduct

occurring after an earlier judgment because the plaintiff simply alleged a

continuation of behavior previously adjudged not to violate the antitrust laws).

The Plaintiffs' argument that issue preclusion does not apply here because

the "actually litigated" requirement is not met is unavailing.  The Plaintiffs

overlook the fact that preclusive effect is not being given to earlier Fed. R. Civ. P.

36(b) admissions, standing alone, but, rather, to summary judgment findings that

---

[3]    The FAC does assert that the defendants in this case engaged in racketeering activities through 2015.  However, other than collecting fees, the FAC does not cite any specific acts that the defendants allegedly took after the filing of the 2012 suit.  Thus, the FAC's post-filing racketeering allegations are too conclusory to be credited.  *See, e.g.*, *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (noting that courts are not required to credit "allegations that are merely conclusory").

are based on such admissions. In situations like this, where an earlier finding is based on deemed admissions, "the 'actual litigation' requirement may be satisfied by substantial participation in an adversary contest in which the [preclusion-opposing] party is afforded a reasonable opportunity to defend himself on the merits but chooses not to do so." *F.D.I.C. v. Daily (In re Daily)*, 47 F.3d 365, 368 (9th Cir. 1995) (internal footnote omitted).

Here, the *In re Daily* test is satisfied. Unlike the preclusion-opposing party in *I.R.S. v. Palmer (In re Palmer)*, 207 F.3d 566 (9th Cir. 2000), the Plaintiffs did not abandon the 2012 suit after filing their complaint. Instead, during the 2012 suit's nearly two-year pendency, the Plaintiffs substituted counsel, and new counsel (1) filed, together with the 2012 defendants, a request to extend discovery, as well to continue the trial date, (2) requested from the 2012 defendants two extensions of time to respond to their discovery requests, (3) submitted responses to the 2012 defendants' requests for admissions, albeit untimely, and (4) attempted to file a motion for leave to file an amended claim. This level of activity is on par with activity we have previously found sufficient to satisfy the "actually litigated" requirement. *See In re Daily*, 47 F.3d at 368–69. Therefore, in light of this, and the fact that the other requirements for issue preclusion are met, issue preclusion

applies here and mandates dismissal of the Plaintiffs' federal claims based on conduct that occurred after the 2012 suit.

**AFFIRMED**.