**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

NOV 17 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| TRADEX GLOBAL MASTER FUND SPC LTD, a British Virgin Islands limited liability company and TRADEX GLOBAL ADVISORS LLC, a Delaware limited liability company,<br><br>          Plaintiffs-Appellants,<br><br>   v.<br><br>BENJAMIN PUI-YUN CHUI,<br><br>          Defendant-Appellee. | No.    16-16971<br><br>D.C. No. 3:15-cv-04744-WHA<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Submitted November 15, 2017**
San Francisco, California

Before:  THOMAS, Chief Judge, and W. FLETCHER and PAEZ, Circuit Judges.

---

   *      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

   **      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Tradex Global Master Fund SPC, LTD. and Tradex Global Advisors LLC (collectively, "Tradex") appeal the district court's order affirming the bankruptcy court's judgment, in an adversary proceeding, denying Tradex's dischargeability claim under 11 U.S.C. §§ 523(a)(4) and 523(a)(19) following a bench trial. We affirm. Because the parties are familiar with the history of this case, we need not recount it here.

A debt may not be discharged in a Chapter 7 bankruptcy if it results from a violation of state or federal securities laws. 11 U.S.C. § 523(a)(19). To establish that exception to discharge, the debt must (1) be "for" a securities law violation or fraud in connection with a sale of a security, and (2) "result from" some judicial or administrative proceeding or a settlement agreement. *Id.* In an extensive opinion issued after a bench trial, the bankruptcy court held that Tradex had not satisfied its burden to establish the exception.

Tradex does not appeal from that merits decision, but argues only that it should have been granted summary judgment based on a Securities and Exchange Commission "Order Instituting Administrative and Cease-and-Desist Proceedings" ("the Order") issued against Chui, contending that it satisfies the requirements of 11 U.S.C. § 523(a)(19) as a matter of law.

2

However, as both the district and bankruptcy courts observed, Tradex was required to establish that its debt actually "resulted from" the Order. 11 U.S.C. § 523(a)(19)(B). It did not. The SEC Order never mentions Tradex. Further, the Order specifically provides that it was entered "[s]olely for the purpose of these proceedings and any other proceedings brought by or on behalf of the Commission, or to which the Commission is a party." The Order thus plainly does not create liability against Chui in favor of Tradex; at most, it creates liability against Chui in favor of the SEC. The district and bankruptcy courts properly concluded that the Order did not satisfy the requirements of 11 U.S.C. § 523(a)(19)(B).[1]

Tradex argues that 11 U.S.C. § 523(a)(19) permits the bankruptcy court to engage in a "broad inquiry," and that the court had the power to enter its own judgment. Here, the bankruptcy court conducted a bench trial and made detailed

---

[1]To the extent that Tradex contends that collateral estoppel affords the SEC Order preclusive effect independently of § 523(a)(19), we must reject it. The doctrine of collateral estoppel cannot supplant the § 523(a)(19) statutory requirements and grant a new independent avenue to a discharge exception. Invocation of collateral estoppel cannot correct a § 523(a)(19)(B) deficiency.

Further, as the bankruptcy court noted, the SEC Order does not satisfy the elements of collateral estoppel. The Order was limited to SEC proceedings and provided that Chui was not admitting any liability. Thus, the issue of the Tradex debt was not "actually litigated" before the SEC; there was no final judgment; and Tradex was not a party nor, on the face of the Order, in privity with a party to the administrative action. *See IRS v. Palmer (In re Palmer)*, 207 F.3d 566, 568 (9th Cir. 2000) (describing collateral estoppel elements).

findings against Tradex on those issues, which Tradex does not appeal. Rather, the only question on appeal is whether, as a matter of law, the SEC Order satisfied the requirements of 11 U.S.C. § 523(a)(19). It did not.

We need not, and do not, determine any other issue urged by the parties, including the question of the bankruptcy court's scope of authority to enter a new independent judgment—apart from the judgment of the non-bankruptcy tribunal—on claims based on violations of securities laws under 11 U.S.C. § 523(a)(19).

**AFFIRMED.**