FILED

APR 12 2023

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT



NOT FOR PUBLICATION

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>ARMIN DIRK VAN DAMME,<br><div align="right">Debtor.</div> | BAP No. NV-22-1175-GCB<br><br>Bk. No. 2:19-bk-14142-MKN |
| ARMIN DIRK VAN DAMME,<br><div align="center">Appellant,</div><br>v.<br>WELLS FARGO BANK, N.A.,<br><div align="right">Appellee.</div> | Adv. No. 2:21-ap-01067-MKN<br><br>**MEMORANDUM**[*] |

Appeal from the United States Bankruptcy Court
for the District of Nevada
Mike K. Nakagawa, Bankruptcy Judge, Presiding

Before: GAN, CORBIT, and BRAND, Bankruptcy Judges.

## INTRODUCTION

Chapter 13[1] debtor Armin Dirk Van Damme ("Debtor") appeals the

bankruptcy court's order dismissing his adversary complaint against Wells

Fargo Bank, N.A. ("Wells Fargo"). Debtor alleged that Wells Fargo lacked

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

standing to assert a secured claim, failed to provide adequate documentation to support its claim, and committed fraud by asserting that Debtor executed a loan modification in 2008. Debtor also claimed that the lien was extinguished under Nevada's "ancient lien statute," Nevada Revised Statutes ("NRS") 106.240.

The bankruptcy court dismissed the complaint with prejudice under Civil Rule 12(b)(6), made applicable by Rule 7012, because Debtor's claims of fraud and lack of standing were previously dismissed with prejudice by the United States District Court for the District of Nevada ("District Court"). The bankruptcy court held that Debtor's claims were barred by claim preclusion, issue preclusion, and Nevada's statutes of limitations, and Debtor failed to allege a cognizable theory for recovery under NRS 106.240. The court reasoned that even if the loan was accelerated by a notice of default, and even if such acceleration was sufficient to trigger the ancient lien statute, the loan modification effectively rescinded any acceleration.

Debtor urges us to review documents which he believes prove Wells Fargo's lack of standing and fraud, but like the bankruptcy court, we are bound by the prior decision of the District Court. Our review is limited to whether the bankruptcy court erred by dismissing the claims. It did not, and we AFFIRM.

# FACTS[2]

## A. Prepetition events

In 2004, Debtor and his wife Geraldine Van Damme refinanced their existing mortgages with a loan of $740,000 from BNC Mortgage, Inc ("BNC") secured by a deed of trust on their home in Las Vegas, Nevada (the "Property"). In October 2007, National Default Servicing Corporation ("NDSC"), the deed of trust trustee, recorded a notice of default indicating a payment default of $37,401.44. In January 2008, NDSC rescinded the first notice of default and recorded a second notice of default indicating a payment default of $53,914.90 (the "Second Notice of Default").

BNC subsequently assigned its interest in the deed of trust to LaSalle Bank, N.A. ("LaSalle"), as trustee under the Trust Agreement for the Structured Asset Investment Loan Trust Series 2004-11 (the "Trust"). Bank of America, N.A. became successor by merger with LaSalle, and subsequently assigned its interest to U.S. Bank, N.A. ("US Bank").[3] Wells Fargo was the servicer for the Trust, which owned the note.

---

[2] Debtor did not provide excerpts of the record relevant to the order on appeal. We exercise our discretion to take judicial notice of documents electronically filed in Debtor's bankruptcy case and the related adversary proceeding. *See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood)*, 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003). Debtor improperly included in his excerpts, and through several additional filings, documents which were not before the bankruptcy court at the time it decided the issue on appeal. We do not consider those documents.

[3] Debtor disputes the validity and timing of these assignments, and he contests Wells Fargo's authority to modify the loan, but as discussed below, the District Court dismissed with prejudice Debtor's claims involving these arguments.

In March 2008, Debtor agreed to a loan modification which added the arrears to the principal balance, fixed the previously variable interest rate, adjusted the monthly payment amount, and removed Geraldine Van Damme as a borrower (the "2008 Loan Modification"). Wells Fargo recorded the 2008 Loan Modification in April 2008.

Debtor failed to make payments under the 2008 Loan Modification, and NDSC recorded a third notice of default in October 2008. NDSC rescinded the third notice of default, and in July 2015, it recorded a fourth notice of default. After a failed attempt at mediation, Debtor filed suit in Nevada state court.

After the defendants removed the case to the District Court, Debtor filed his third amended complaint in March 2017. He asserted several claims against Wells Fargo, BNC, LaSalle, U.S. Bank, and others based on alleged errors in the assignments and notices of default. He admitted that he signed the 2008 Loan Modification but alleged that Wells Fargo did not have authority to modify the loan because the loan and deed of trust had not yet been assigned to the Trust. Debtor asserted claims for fraud, breach of contract, and to quiet title to the Property.

The District Court dismissed Debtor's complaint, holding that Debtor failed to state cognizable claims for relief. The District Court further held that Debtor's claims, which were "premised on Defendants' improper securitization and assignment of instruments, which culminated in an allegedly unauthorized loan modification agreement between Plaintiff and

4

Wells Fargo," were barred by Nevada's statutes of limitations. Because leave to amend would be futile, the District Court dismissed the complaint with prejudice.

After two further notices of default and a second failed mediation, NDSC recorded a notice of trustee's sale set for July 1, 2019.

## B.    The bankruptcy and adversary complaint

In June 2019, Debtor filed his chapter 13 petition. He scheduled his interest in the Property and listed US Bank as a secured creditor with a claim of $808,041. Wells Fargo filed a proof of claim on behalf of US Bank, evidencing a secured claim of $1,492,802.87.

In May 2021, Debtor filed an adversary complaint asserting that Wells Fargo lacked standing to enforce the deed of trust, committed fraud involving the 2008 Loan Modification, and lacked authority to modify the loan. Debtor filed an amended complaint, adding a claim to extinguish the lien under NRS 106.240[4] and including a preemptive argument against application of claim preclusion. He alleged that the Second Notice of Default accelerated the debt and NDSC never rescinded it. Thus, under the

---

[4] NRS 106.240 provides:

The lien heretofore or hereafter created of any mortgage or deed of trust upon any real property, appearing of record, and not otherwise satisfied and discharged of record, shall at the expiration of 10 years after the debt secured by the mortgage or deed of trust according to the terms thereof or any recorded written extension thereof become wholly due, terminate, and it shall be conclusively presumed that the debt has been regularly satisfied and the lien discharged.

ancient lien statute, the debt was "wholly due" for more than ten years and the lien was extinguished.

Wells Fargo filed a motion to dismiss the amended complaint and argued that Debtor's claim for fraud and his claim that Wells Fargo lacked authority to foreclose or to modify the loan were barred by claim preclusion, issue preclusion, and the statutes of limitations. Wells Fargo further argued that Debtor failed to state a claim for relief under NRS 106.240 because: (1) the ancient lien statute does not apply to accelerated loans, only to loans that become "wholly due" under the terms of a deed of trust; (2) the notice of default did not accelerate the loan; and (3) even if the loan was accelerated, the 2008 Loan Modification effectively rescinded the Second Notice of Default. Wells Fargo filed a request for judicial notice of recorded documents and documents filed in the District Court case.

In opposition, Debtor argued that his claims were distinct from those decided by the District Court because in the adversary complaint he was asserting that Wells Fargo lacked standing to file a proof of claim under the holding of *Veal v. American Home Mortgage Servicing, Inc. (In re Veal)*, 450 B.R. 897 (9th Cir. BAP 2011). He maintained that he alleged a colorable claim for relief under NRS 106.240 because the Second Notice of Default included language which accelerated the debt and NDSC did not file a recission of that notice.

After a hearing on the motion to dismiss, the court entered a comprehensive written order dismissing Debtor's amended complaint with

prejudice. The court held that Debtor's claims that Wells Fargo was not the real party in interest and lacked authority to modify the loan were barred by issue preclusion because the District Court necessarily decided those issues by dismissing Debtor's claim to quiet title. The bankruptcy court determined that Debtor's fraud claim was barred by claim preclusion and both claims were barred by the statutes of limitations.

The court held that Debtor failed to state a claim for relief under NRS 106.240 because Wells Fargo recorded the 2008 Loan Modification and the conduct of the parties, including the subsequent notices of default and recissions, confirmed that the 2008 Loan Modification effectively rescinded the Second Notice of Default. Thus, the debt was not "wholly due" for more than ten years as required by the statute. Debtor timely appealed.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(B), (C), and (K). We have jurisdiction under 28 U.S.C. § 158.

## ISSUES

Did the bankruptcy court err by granting Wells Fargo's motion to dismiss?

Did the bankruptcy court abuse its discretion by dismissing the amended complaint with prejudice?

## STANDARDS OF REVIEW

We review de novo the bankruptcy court's order granting a motion to dismiss under Civil Rule 12(b)(6). *Movsesian v. Victoria Versicherung AG*,

670 F.3d 1067, 1071 (9th Cir. 2012) (en banc). Under de novo review, we look at the matter anew, giving no deference to the bankruptcy court's determinations. *Francis v. Wallace (In re Francis)*, 505 B.R. 914, 917 (9th Cir. BAP 2014).

We review the bankruptcy court's decision to dismiss a complaint with prejudice for abuse of discretion. *Willard v. Lockhart-Johnson (In re Lockhart-Johnson)*, 631 B.R. 38, 44 (9th Cir. BAP 2021). A bankruptcy court abuses its discretion if it applies an incorrect legal standard or its factual findings are illogical, implausible, or without support in the record. *TrafficSchool.com v. Edriver, Inc.*, 653 F.3d 820, 832 (9th Cir. 2011). We may affirm on any basis supported by the record. *Bill v. Brewer*, 799 F.3d 1295, 1299 (9th Cir. 2015).

## DISCUSSION

Debtor's sole argument on appeal is that the bankruptcy court erred by considering facts outside of the record to dismiss the complaint. He contends that the court should have treated the motion as a motion for summary judgment and given Debtor an opportunity to submit facts and affidavits which he claims prove Wells Fargo's lack of authority and fraud.

## A.    Legal standards governing motions to dismiss

Civil Rule 12(b)(6) provides for dismissal if the plaintiff fails "to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). Motions to dismiss under Civil Rule 12(b)(6) can challenge the legal sufficiency of a complaint by testing whether it contains cognizable legal

theories or whether it includes sufficient factual allegations to support those theories. *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008). To survive a motion to dismiss, "the non-conclusory 'factual content' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

In reviewing a motion to dismiss, the court generally may not consider any materials beyond the pleadings. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001), *overruled on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002); *see also* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."). But the court may consider documents attached to and referenced in the complaint. *Lee*, 250 F.3d at 688. And the court may consider documents which are properly subject to judicial notice. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). When allegations in the complaint contradict matters that are properly subject to judicial notice, the court need not accept those allegations as true when considering a motion to dismiss. *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

Here, the bankruptcy court properly considered the documents attached to the amended complaint and those included in Wells Fargo's request for judicial notice; it was not required to treat the motion to dismiss

9

as a motion for summary judgment. Debtor offers no other argument why the bankruptcy court erred in dismissing his complaint and we find no error in the bankruptcy court's decision.

## B. The bankruptcy court did not err by granting the motion to dismiss.

The bankruptcy court properly dismissed Debtor's claims that Wells Fargo was not a real party in interest, lacked authority to modify or enforce the loan, and committed fraud, under claim preclusion, issue preclusion, and the statutes of limitations.

Claim preclusion prohibits relitigation of "any claims that were raised or could have been raised" in a prior action between the same parties or their privies. *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (citation omitted). The preclusive effect of the District Court's decision is governed by federal law, *Taylor v. Sturgell*, 553 U.S. 880, 891 (2008), which requires: "(1) an identity of claims; (2) a final judgment on the merits; and (3) the same parties or privity between parties," *Owens*, 244 F.3d at 713. To determine whether claims are identical, we consider four criteria:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

10

*Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012). Whether the suits arise out of the same transactional nucleus of facts is the most important criterion. *Id.*

Here, all of Debtor's claims—except for his claim under NRS 106.240—arise from the same transactional nucleus of facts at issue in the District Court action: the allegedly improper or untimely assignments which deprived Wells Fargo of authority to enforce the deed of trust or modify the loan, and Wells Fargo's alleged fraud in executing the 2008 Loan Modification. The District Court's dismissal with prejudice is a final judgment on the merits, *Leon v. IDX Systems Corp.*, 464 F.3d 951, 962 (9th Cir. 2006), and Debtor and Wells Fargo were both parties in that litigation. Thus, all of Debtor's claims other than his lien extinguishment claim are barred by claim preclusion.[5]

Additionally, Debtor offers no argument, nor do we perceive any, why his claims involving Wells Fargo's authority to enforce the note and

---

[5] Though we affirm the bankruptcy court's dismissal of Debtor's claims against Wells Fargo under claim preclusion, we find no error in the court's application of issue preclusion to dismiss some of those claims. Issue preclusion under federal law requires: (1) there was a full and fair opportunity to litigate the issue in the prior action; (2) the issue was actually litigated; (3) the issue was lost as a result of a final judgment in the prior action; and (4) the party against whom issue preclusion is asserted was a party or in privity with a party in the prior action. *I.R.S. v. Palmer (In re Palmer)*, 207 F.3d 566, 568 (9th Cir. 2000). The validity of the assignments and Wells Fargo's authority to enforce the note and deed of trust were actually litigated in the District Court action as part of Debtor's claim to quiet title. Debtor was the plaintiff in that action, had a full and fair opportunity to litigate the issues, and lost those issues by virtue of the District Court's dismissal with prejudice.

deed of trust, or his claim of fraud, are not barred by Nevada's statutes of limitations.[6] The District Court alternatively relied on the statutes of limitations to dismiss Debtor's prior action. The claims were time-barred when Debtor filed the District Court action in 2015, and they remained time-barred when he filed his adversary complaint in 2021.

Finally, the bankruptcy court properly dismissed Debtor's remaining claim—to extinguish the lien under NRS 106.240—because Debtor did not state a cognizable claim for relief. Debtor alleged only that the Second Notice of Default accelerated the loan and NDSC never rescinded the default notice. His allegations are insufficient to state a claim under the statute because they are belied by the documents attached to his complaint and judicially noticed by the bankruptcy court.

The Nevada Supreme Court has not definitively held that a loan acceleration is sufficient to trigger NRS 106.240, but we need not resolve the question because the 2008 Loan Modification unequivocally decelerated any acceleration under the Second Notice of Default.

The 2008 Loan Modification restated the unpaid principal balance as $796,930.46, fixed the interest rate, and provided for payment of the

---

[6] NRS 11.190(1)(b) provides that: "An action upon a contract, obligation or liability founded upon an instrument in writing . . ." must be commenced within six years. NRS 106.330 defines "instrument" as "a mortgage, deed of trust or other instrument encumbering real party as security for the repayment of a debt." As noted by the bankruptcy court, the 2008 Loan Modification meets this definition. NRS 11.190(3)(d) provides that fraud actions must be filed within three years of discovery.

balance through monthly payments of principal and interest beginning in March 2008. It further provided that, if Debtor still owed amounts under the note and deed of trust as amended, those amounts would be due on October 1, 2034. Thus, even though Debtor disputes the validity of the 2008 Loan Modification, it is clear evidence that Wells Fargo no longer held the amounts under the loan and deed of trust as "wholly due." The subsequent default notices and recissions further evidence that the Second Notice of Default was rescinded by the 2008 Loan Modification.

The bankruptcy court properly considered the recorded and judicially noticed documents in determining that Debtor failed to state a cognizable claim for relief under NRS 106.240, and we discern no error.

## C. Dismissal of the amended complaint with prejudice was warranted.

Pursuant to Civil Rule 15, made applicable by Rule 7015, leave to amend a complaint should be freely given when justice so requires. The Ninth Circuit has repeatedly held that a court "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citations omitted).

Because the bankruptcy court correctly determined that Debtor's claims were barred by claim preclusion, issue preclusion, and the statutes of limitations—and his claim under NRS 106.240 fails as a matter of law

based on the judicially noticed documents—amendment would be futile. *See, e.g., Censo, LLC v. NewRez, LLC (In re Censo, LLC)*, 638 B.R. 416, 426 (9th Cir. BAP 2022) (affirming dismissal with prejudice where relief was barred by claim preclusion). Accordingly, the court properly dismissed the amended complaint with prejudice.

## CONCLUSION

Based on the foregoing, we AFFIRM the bankruptcy court's order dismissing Debtor's amended complaint with prejudice.