

FILED

APR 10 2020

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

**ORDERED PUBLISHED**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No. CC-19-1200-TaFS |
| ROBERT EDWARD ZUCKERMAN, | Bk. No. 1:18-bk-11150-VK |
| Debtor. | Adv. No. 1:18-ap-01081-VK |
| ROBERT EDWARD ZUCKERMAN, | |
| Appellant, | |
| v. | OPINION |
| HENRY CRIGLER; EDWARD P. ALBINI; CHRIS BOWERMAN; HENRY P. CRIGLER; K. OWYOUNG CRIGLER; GARY DEZORZI; ERHARD YORK, TRUSTEE; GRAHAM GETTEMY; VERN FUNG; EDWARD KEANE; KATHERINE MANN; FREDERICK MANN; JIM NORD, MEIN TRUST; GARY RICIOLI; MARY LOU SCHMIDT; CHARLES SEBRANEK; LINDAY SINCLAIR; GREGG VERNON; | |

MATTHEW ZDANEK; PATRICIA BARNES;
KEN BOWERMAN; DALE DAVIS; JACINDA
DUVAL; LOUISE ESCHER YORK; ROBERT P.
GILMAN; BILL HING; GARY HOLBROOK;
LILLIAN LAPHAM; VITO LOVERO; JIM NORD,
PATRICK FAMILY TRUST; EVELINA DALE
PERITORE; JUSTIN POENG; LEON SANDERS;
MARK SCHULTE; RICHARD SEVERSEN;
WALTER SPIRIDONOFF; CARMEN VIOLIN;
NANSI WEIL,

            Appellees.

Argued and Submitted on February 27, 2020
at Pasadena, California

Filed – April 10, 2020

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Victoria S. Kaufman, Bankruptcy Judge, Presiding

———————

Appearances:    Kathryn M. Davis argued for appellant; Edward
McCutchan, Jr. of Sunderland McCutchan, LLP on brief
for appellees Edward P. Albini, Henry Crigler, Chris
Bowerman, Henry P. Crigler, K. Owyoung Crigler, Gary
DeZorzi, Erhard York, Trustee, Graham Gettemy, Vern
Fung, Edward Keane, Katherine Mann, Frederick Mann,
Jim Nord, Mein Trust, Gary Ricioli, Mary Lou Schmidt,
Charles Sebranek, Linday Sinclair, Gregg Vernon,
Matthew Zdanek, Patricia Barnes, Ken Bowerman, Dale

2

Davis, Jacinda Duval, Louise Escher York, Robert P. Gilman, Bill Hing, Gary Holbrook, Lillian Lapham, Vito Lovero, Jim Nord, Patrick Family Trust, Evelina Dale Peritore, Justin Poeng, Leon Sanders, Mark Schulte, Richard Seversen, Walter Spiridonoff, Carmen Violin, and Nansi Weil.

———

Before: TAYLOR, FARIS, and SPRAKER, Bankruptcy Judges.

TAYLOR, Bankruptcy Judge:

## INTRODUCTION

Debtor Robert E. Zuckerman appeals from the bankruptcy court's summary judgment order ("Order") excepting from discharge under § 523(a)(2)(A)[1] a debt for fraud and elder abuse reduced to judgment in state court. We agree with the bankruptcy court's determination that Appellees were entitled to summary judgment based on the preclusive effect of the state court's judgment. Therefore, we AFFIRM.

---

[1] Unless specified otherwise, "chapter "and "section" references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, "Rule" references are to the Federal Rules of Bankruptcy Procedure, "Civil Rule" references are to the Federal Rules of Civil Procedure, and "CCP" references are to the California Code of Civil Procedure.

3

## FACTS[2]

### A. The State Court Action and Judgment

In 2009, Appellees and others (collectively, "Plaintiffs") sued Mr. Zuckerman ("State Court Action"), beginning a seven-year slog to hold him accountable for intentional misrepresentation, concealment (fraud), promises without intent to perform, conspiracy to defraud, and elder abuse. He and his counsel, Raul Garcia, were strategically absent throughout the state court litigation, failing to comply with a staggering number of discovery requests and sanctions orders[3]—possibly to duck liability, but ultimately with serious consequences. One such order ("Admissions Order") deemed the following admitted by Mr. Zuckerman for his failure to respond to requests for admissions:

> 1. . . . Zuckerman engaged in fraud [–] intentional
> misrepresentation as alleged in the second amended

---

[2] Mr. Zuckerman omitted from his excerpts of the record the bankruptcy court's prior ruling ("Ruling") that included its reasoning for entering the Order on appeal and key evidentiary rulings. As the omitted Ruling is a necessary portion of the record, we are entitled to presume that its contents are harmful to his position and to affirm or dismiss his appeal summarily. *See* Rule 8018(b)(1); *Cmty. Commerce Bank v. O'Brien (In re O'Brien)*, 312 F.3d 1135, 1137 (9th Cir. 2002); *Gionis v. Wayne (In re Gionis)*, 170 B.R. 675, 680–81 (9th Cir. BAP 1994). Nonetheless, we obtained a copy of the Ruling and will take judicial notice of it and other documents filed in the bankruptcy court's dockets, as appropriate. *See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood)*, 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

[3] Appellees and a third-party to this appeal, Richard Abel, detailed the unanswered discovery and sanctions orders in filings in Adv. Proc. Nos. 1:18-ap-01081-VK and 1:18-ap-01086-VK.

complaint[]. . . .

2. . . . Zuckerman engaged in fraud – concealment as alleged in the second amended complaint[] . . . .

3. . . . Zuckerman engaged in fraud – promise without intent to perform as alleged in the second amended complaint[] . . . .

4. . . . Zuckerman engaged in elder abuse as alleged in the second amended complaint[] . . . .

5. . . . Zuckerman engaged in a conspiracy to defraud as alleged in the second amended complaint[] . . . .

In early 2015, Appellees tried their case against Mr. Zuckerman. Neither he nor Mr. Garcia showed up for trial, and the state court entered judgment against him. The court later vacated the judgment per Mr. Garcia's CCP § 473 request for relief therefrom.

In late 2016, the court again held trial. Mr. Zuckerman did not appear, despite notices to appear in lieu of subpoena. While Mr. Garcia appeared, he did so solely to stop trial through various motions.

First, he moved to dismiss the case because Appellees did not bring it to trial within the five-year period prescribed by CCP § 583.310. The state court denied the motion because Mr. Zuckerman had previously agreed that CCP § 583.310 would not apply. Next, he requested a stay while he sought a writ of prohibition restraining the court from trying the case. The court denied the request. Finally, he moved to withdraw as

5

Mr. Zuckerman's counsel, stating that he was not ready to proceed with trial. The court denied the motion and directed the parties to proceed with the trial.

The court asked where Mr. Zuckerman was. Mr. Garcia responded that "strategically *our* plan was not to proceed with the trial," and "tactically, *we* were going to ask for a stay." (Emphasis added.) He also indicated that he believed Mr. Zuckerman "just came out of surgery on Friday." Then, after confirming that he would not be arrested for leaving, he left the courtroom.

In Mr. Zuckerman's absence, the court held an uncontested trial under CCP § 594, which included witness testimony and documentary evidence.

The court entered judgment against Mr. Zuckerman the next day. It later amended the judgment ("Judgment") to increase the total award to $15,135,096 to account for attorney's fees and costs. The Judgment notes Mr. Zuckerman's deemed admissions and provides that, after the evidence at trial, the court renders judgment against Mr. Zuckerman, "who engaged in a joint venture to intentionally, purposefully and maliciously defraud each of the plaintiffs in this matter finding damages under the plaintiffs' third amended complaint's causes of action for intentional misrepresentation, concealment, promise without intent to perform and elder abuse[.]" The Judgment included findings related to the fraud.

Mr. Garcia filed an appeal, which was dismissed for failure to file required documents.

**B. The Nondischargeability Action and Summary Judgment**

Mr. Zuckerman filed for bankruptcy about a year later. Appellees filed an adversary complaint to except from his discharge the debt owed to them under the Judgment, pursuant to § 523(a)(2)(A).

They later moved for summary judgment, arguing that the Judgment, together with the doctrine of issue preclusion, entitled them to judgment as a matter of law. Mr. Zuckerman opposed.

Following argument at two hearings, the bankruptcy court relied on issue preclusion and entered its Order granting Appellees summary judgment. Mr. Zuckerman appealed.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(1) and (b)(2)(I). We have jurisdiction under 28 U.S.C. § 158, notwithstanding that the bankruptcy court did not memorialize its judgment in a separate document as required by Civil Rule 58(a), made applicable by Rule 7058. The parties waived the separate-document requirement, and 150 days have elapsed since the bankruptcy court entered its Order. *See* Fed. R. Bankr. P. 8002(a)(5)(A)(ii); *Bankers Tr. Co. v. Mallis*, 435 U.S. 381, 387-88 (1978). And "[t]he court's failure to comply with the separate-document requirement of Rule 58(a). . . does not affect the validity of an appeal." Fed. R. Bankr. P. 8002 advisory committee's note to 2018 amendment.

7

## ISSUE

Did the bankruptcy court err in granting summary judgment under § 523(a)(2)(A) based on issue preclusion?

## STANDARDS OF REVIEW

We review *de novo* a bankruptcy court's decision to grant summary judgment and except a debt from discharge under § 523. *Black v. Bonnie Springs Family Ltd. P'Ship (In re Black),* 487 B.R. 202, 210 (9th Cir. BAP 2013).

We also review *de novo* a bankruptcy court's determination that issue preclusion was available. *Id.* If issue preclusion is available, we then review the application for an abuse of discretion. *Id.* Under that standard, we reverse where the bankruptcy court applied the wrong legal standard, it misapplied the correct legal standard, or its factual findings are illogical, implausible, or without support in inferences that may be drawn from the facts in the record. *See TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 832 (9th Cir. 2011).

We may affirm on any ground supported by the record. *In re Black*, 487 B.R. at 211.

## DISCUSSION

Summary judgment is appropriate when the pleadings and supplemental materials show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Roussos v. Michaelides (In re Roussos)*, 251 B.R. 86, 91 (9th Cir. BAP

2000). A properly-supported summary judgment motion cannot be defeated by the mere existence of some alleged factual dispute. *Id*. The requirement is that there be no genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Only disputes over facts that might affect the outcome of the lawsuit may defeat a summary judgment motion. *Id.* at 248. That is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party, then the dispute over a material fact is genuine. *Id.*

The issue preclusive effect of a state court judgment may be the basis for granting summary judgment in a dischargeability proceeding. *See Grogan v. Garner*, 498 U.S. 279, 284-85 & n.11 (1991). Federal courts "must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984). Thus, we apply California law.

In California, issue preclusion prevents parties from re-litigating an issue if: (1) the issue is identical to that decided in a former proceeding; (2) the issue was actually litigated in the former proceeding; (3) the issue was necessarily decided in the former proceeding; (4) the decision in the former proceeding is final and on the merits; and (5) the party against whom preclusion is sought is the same as, or in privity with, the party to the former proceeding. *Lucido v. Super. Ct.*, 51 Cal. 3d 335, 341-43 (1990).

9

Even if all five requirements are satisfied, however, its application must be consistent with the public policies of "preservation of the integrity of the judicial system, promotion of judicial economy, and protection of litigants from harassment by vexatious litigation[.]" *Id.* at 343.

The party asserting issue preclusion bears the burden of proving all the requisites for its application. *Kelly v. Okoye (In re Kelly)*, 182 B.R. 255, 258 (9th Cir. BAP 1995). To sustain this burden, the party must introduce a record sufficient to reveal the controlling facts and the exact issues litigated in the prior action. *Id.* Any reasonable doubt as to what was decided in the prior action will weigh against applying issue preclusion. *Id.*

We need not, and do not, address the bankruptcy court's unchallenged determination that the fourth (decision is final) and fifth (same parties) issue preclusion criteria are met. And we conclude that Appellees produced evidence showing that there is no genuine issue as to any material fact that the other criteria are met; namely, that judgment was entered in their favor against Mr. Zuckerman on actual fraud claims after trial. Mr. Zuckerman did not dispute the validity of their evidence. Nor did he produce affirmative evidence that would demonstrate that a *genuine* issue of *material* fact exists regarding the entry of judgment for actual fraud after trial or that application of issue preclusion would contravene public policy. Thus, the bankruptcy court properly granted summary judgment based on issue preclusion.

## A. There is an "identity of issues."

Taking the disputed issue preclusion criteria in turn, the first (identical issue) is met. Section 523(a)(2)(A) provides that a debt may be excepted from discharge to the extent it was obtained by "false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition[.]" Section 523(a)(2)(A) requires proof by a preponderance of the evidence that: (1) the debtor made the representations; (2) at the time the debtor knew they were false; (3) the debtor made them with the intention and purpose of deceiving the creditor; (4) the creditor relied on such representations; and (5) the creditor sustained the alleged loss and damage as the proximate result of the representations having been made. *Lee v. Tcast Commc'ns, Inc. (In re Jung Sup Lee)*, 335 B.R. 130, 136 (9th Cir. BAP 2005).

Actual fraud under California law mirrors these elements, as follows: (1) a misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity; (3) intent to defraud (i.e., to induce reliance); (4) justifiable reliance; and (5) resulting damage. *Engalla v. Permanente Med. Grp., Inc.*, 15 Cal. 4th 951, 974 (1997). Mirroring one another, an actual fraud finding satisfies the "identical issue" criteria for issue preclusion in a § 523(a)(2)(A) action.[4] *In re Jung Sup Lee*, 335 B.R. at 136. In this case, there is an "identity of the issues" because the Judgment

---

[4] As explained *infra*, Mr. Zuckerman filed an unsolicited supplemental brief that we decline to consider. The brief contends, *inter alia*, that actual fraud under California law does not mirror actual fraud under § 523(a)(2)(A). His contention runs contrary to established precedent and is rejected.

explicitly provides that Mr. Zuckerman is liable for fraud.

Nevertheless, Mr. Zuckerman argues on appeal that in finding issue preclusion applies, the bankruptcy court impermissibly relied on a general finding of fraud that was imputed to him solely on a conspiracy theory basis in the absence of a specific finding of a misrepresentation by him. We believe he is essentially arguing that the elements of actual fraud are not the same as those under § 523(a)(2)(A) in this case. It is not evident from the excerpts of record that he adequately raised this argument to the bankruptcy court. We therefore need not consider it. *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 n.1 (9th Cir. 2002).

But even if he had raised it in the bankruptcy court, his argument fails; the Judgment is against him alone, makes clear that he was the sole defendant at the time of trial, and finds that he was "the central figure in charge" of the fraudulent scheme. Moreover, and contrary to Mr. Zuckerman's urging, the Judgment does include findings relating to his fraudulent misrepresentations to Plaintiffs. For example, the state court explicitly found that he fraudulently obtained $6,435,000 in loans from Plaintiffs with no intent to use the money in a development project or to repay their loans and, in fact, no part of the loans were ever used in any manner for the project. And the state court explicitly found that he overvalued the security for the loans through his misrepresentations and concealment of their true worth.

12

Mr. Zuckerman further complains that Appellees failed to *allege* and *argue* that the specific issues to be preclusively determined by the bankruptcy court were identical to those decided in the State Court Action. We disagree; Appellees argued in their summary judgment motion that the § 523(a)(2)(A) elements were "established by the four corners" of the Judgment, which they had incorporated by reference in their complaint.

**B. The issues were "actually litigated."**

As for the "actually litigated" requirement, Mr. Zuckerman argues that the Judgment is fundamentally a default judgment because (1) his liability was allegedly largely based on defaulted admissions that included conclusions of law; and (2) he was allegedly abandoned by his counsel at the time of trial.[5] And he contends that as a default judgment, it has no preclusive effect because the state court did not make express findings upon fraud allegations. We disagree.

**1. The state court held an uncontested trial**.

This is not a default scenario; while Mr. Zuckerman and his counsel chose not to attend trial, Mr. Zuckerman had answered the operative

---

[5] While unclear in his opening brief, Mr. Zuckerman seems to suggest in his reply brief that the alleged abandonment is relevant to both the "actually litigated" and public policy criteria. We only address it in the public policy portion of this memorandum because, as discussed *infra*, the state court was obliged to treat the trial as nothing less than an actual trial in light of Mr. Zuckerman's participation in the proceedings, including answering the operative complaint and appearing through counsel at the outset of trial. And to the extent that he submits the state court treated it as anything less, his window to challenge the Judgment on that basis closed prepetition. There having been an actual trial on Appellees' fraud claims, the issues were "actually litigated" notwithstanding any alleged abandonment.

13

complaint, participated in the litigation before trial, and received actual notice of trial and a subpoena for his attendance at trial. *See Jorge v. Mannie (In re Mannie)*, 258 B.R. 440, 445 n.3 (Bankr. N.D. Cal. 2001) ("A judgment after trial is not a default judgment simply because the defendant fails to appear at trial.").

Appellees exercised their only remedy for Mr. Zuckerman's absence–they moved the state court to proceed with the trial *in absentia* under CCP § 594 and introduced their evidence to sustain their causes of action. *See Wilson v. Goldman*, 274 Cal. App. 2d 573, 576 (1969) ("Where the defendant who has answered fails to appear for trial the plaintiff's sole remedy is to move the court to proceed with the trial and introduce whatever testimony there may be to sustain the plaintiff's cause of action." (citation and internal quotation marks omitted)). Sections 585 and 594 of the Code of Civil Procedure do not authorize the entry of default in the event a defendant does not appear at the time an action is called for hearing where an answer is on file. *Id.* Thus, the uncontested trial held by the state court was only uncontested in the sense that Mr. Zuckerman was not present to participate. *See id.* at 577 n.1. His answer was on file and was effective, and Appellees were required to prove all the essential controverted allegations of their complaint. *Id.*

Because it would have been improper for the state court to strike Mr. Zuckerman's answer and enter default, Appellees' fraud claims were

necessarily "actually litigated" under CCP § 594 and must have been resolved in their favor by the Judgment. *See Thomas v. Housing Auth. of the Cty. of L.A.*, No. CV 04-6970MMMRCX, 2005 WL 6136432, at *11 (C.D. Cal. June 3, 2005); *accord Garner v. Lehrer (In re Garner)*, 56 F.3d 677, 680 (5th Cir. 1995) (holding, with respect to a Texas judgment entered after a post-answer default and uncontested trial at which evidence was presented, that "[a]ccording to Texas law, the issues were properly raised and actually litigated; accordingly, we find they were fully and fairly litigated for collateral estoppel purposes"), *abrogation on other grounds recognized in Caton v. Trudeau (In re Caton)*, 157 F.3d 1026 (5th Cir. 1998).

### 2. The Judgment's reference to admissions is irrelevant.

Mr. Zuckerman argues that the record raises a material question as to whether the Judgment was actually the result of an uncontested trial because it referenced his deemed admissions of certain conclusions of law and, he argues, the state court relied on such admissions in the face of insufficient evidence at trial. We reject these arguments.

As an initial matter, the bankruptcy court was not required to question how the state court reached its decision; that type of inquiry would amount to an impermissible collateral attack on the Judgment. *See Lopez v. Emerg. Serv. Restoration, Inc. (In re Lopez)*, 367 B.R. 99, 106 (9th Cir. BAP 2007) ("Under state law, a litigant may not collaterally attack a final judgment for nonjurisdictional errors."). *But see Younie v. Gonya (In re*

15

*Younie)*, 211 B.R. 367, 375 (9th Cir. BAP 1997) ("A state court judgment is subject to collateral attack if the judgment was procured by extrinsic fraud."). Mr. Zuckerman squandered his opportunities to challenge the Admissions Order and Judgment in that regard—he failed to timely: (1) seek relief from the deemed admissions; (2) move for relief from judgment or a new trial; or (3) prosecute his appeal. *See* CCP §§ 473(b), 657, 659(a), and 2033.300.

Moreover, the Judgment does not make clear that all the fraud causes of action were decided on the sole basis of the deemed admissions; it merely recites that the Admissions Order deemed Mr. Zuckerman to have admitted to fraudulent intentional misrepresentation, fraudulent concealment, fraudulent promise without intent to perform, and conspiracy to defraud, all as alleged in the second amended complaint.[6]

Further, to the extent that the state court relied solely on admitted conclusions of law, Mr. Zuckerman provided no authority that would foreclose the application of issue preclusion on that basis under California law.[7] We see no reason why it would be foreclosed. California law provides

---

[6] In his reply brief, Mr. Zuckerman untimely argues for the first time that the Judgment improperly relied on the Admissions Order because the second amended complaint was superseded by a third amended complaint. However, the latter complaint apparently contained nearly identical allegations, except that it alleged damages in dollar amounts. And again, challenges to the validity of the Judgment should have been made long ago.

[7] In fact, he asserts in his reply brief that "it is unclear whether under California law admissions obtained as a result of a procedural *penalty* in a contested action (rather than a default judgment), are sufficient to satisfy the 'actually litigated' requirement."

that a party may, in writing, "request that any other party to the action admit . . . the truth of specified matters of fact, opinion relating to fact, or *application of law to fact*. A request for admission may relate to a matter that is *in controversy* between the parties." CCP § 2033.010 (emphasis added). Any matter so admitted "is conclusively established against the party making the admission in the pending action[.]" CCP § 2033.410(a). A judgment can be properly entered based on admitted conclusions of law. *See Wilcox v. Birtwhistle*, 21 Cal. 4th 973, 982-83 (1999) ("Parties often propound requests for admission covering the ultimate facts of the case that, if admitted, are outcome determinative. The propounding party who gets 'lucky' and receives no response then notices a motion for a deemed admitted order . . . . If the propounding party does not receive a response by the hearing . . . he 'hits the jackpot' and 'wins' an irrevocable deemed admitted order disposing of the lawsuit."); *see also Grace v. Mansourian*, 240 Cal. App. 4th 523, 528-29 (2015). And a judgment rendered based on deemed admissions can be given preclusive effect in subsequent proceedings. As explained by a California Court of Appeal in the context of a defensive application of issue preclusion,

> [the defendant would] not [be] seeking to utilize the request for admissions and failure to respond [by plaintiffs], but rather it [would be] utilizing the former [judgment] establishing that [defendant] was not liable to plaintiffs. The request for admissions and failure to respond are not truly relevant to the present motion for summary adjudication of issues since there is presently no issue as to their effect. That issue was determined in a prior proceeding.

*Allis-Chalmers Corp. v. Super. Ct.*, 168 Cal. App. 3d 1155, 1159 (1985). *Cf. Johnson v. W3 Inv. Partners (In re Johnson)*, BAP No. SC-17-1194-LBF, 2018 WL 1803002, at *9 (9th Cir. BAP Apr. 16, 2018) (deemed admissions in a stipulated judgment may be given preclusive effect in a § 523(a)(2)(A) proceeding).

Mr. Zuckerman's best argument would be to analogize to federal preclusion law under which a judgment's reliance on deemed admissions is problematic if the admissions were obtained from a wholly inactive litigant. For example, in *Internal Revenue Service v. Palmer (In re Palmer)*, 207 F.3d 566 (9th Cir. 2000), the Ninth Circuit considered "whether a fraud determination by the Tax Court, which resulted from a [debtor's] failure to controvert the Commissioner's allegations of fraud and otherwise to participate in the proceedings, collaterally estop[ped him] from contesting the fraud in a subsequent bankruptcy proceeding." *Id.* at 567. The debtor had initiated proceedings to obtain a redetermination of his tax liability, and the IRS filed an answer that included affirmative allegations of tax fraud. *Id.* The debtor did nothing thereafter. He fatally failed to respond to the fraud allegations and oppose the IRS's motion for an order deeming the allegations admitted. The Tax Court granted the IRS's motion. The IRS then moved for summary judgment, which the debtor also failed to oppose. The Tax Court granted summary judgment and found that the debtor had

engaged in tax fraud based on the deemed admissions. When the debtor subsequently sought to discharge his income tax debts in bankruptcy, the IRS asserted issue preclusion as a bar. The Ninth Circuit concluded that issue preclusion was not available because the debtor's "'deemed admissions' came at too incipient a stage of litigation that he had abandoned at the outset to permit a conclusion that the fraud issue was 'actually litigated.'" *Id.* at 568.

But in this case, Mr. Zuckerman did not abandon the State Court Action. He participated in the litigation by filing an answer with affirmative defenses, a cross-complaint, demurrers, and other motions, and by appearing telephonically or through counsel at case conferences and at the commencement of trial. Therefore, his failure to contest the discovery sanctions motion, to seek to set aside the deemed admissions, and to personally appear at trial should not impact the preclusive effect of the Judgment. *See Thomas*, 2005 WL 6136432, at *12 n.39.

### 3. The "express findings" rule is inapplicable.

Mr. Zuckerman also argues that issue preclusion cannot be applied because the state court failed to make "express findings" as to each element necessary under § 523(a)(2)(A). Issues are "actually litigated" in a *default* judgment scenario only where either (1) the record shows an express finding upon an allegation for which preclusion is sought; *or* (2) the court in the prior proceeding necessarily decided the issue. *See Baldwin v.*

19

*Kilpatrick (In re Baldwin)*, 249 F.3d 912, 919 (9th Cir. 2001). This "express findings" doctrine is inapplicable; the Judgment is not a default judgment.

**C. The issues were "necessarily decided."**

Even if it were a default judgment, we need not address the sufficiency of the state court's findings because it necessarily decided the issues. *Id.* The Judgment provides at several places that Mr. Zuckerman is liable for fraud and awarded punitive damages. The Judgment "necessarily included a determination of all of the facts required for actual fraud under California law." *In re Younie*, 211 B.R. at 374.

Because the identical issues were actually litigated and necessarily decided, we conclude that the bankruptcy court did not err in determining issue preclusion was available.

**D. Applying preclusion does not contravene public policy.**

Neither did the bankruptcy court abuse its discretion in applying issue preclusion. "[T]hree fundamental policies . . . support the application of issue preclusion in appropriate cases: 'preservation of the integrity of the judicial system, promotion of judicial economy, and protection of litigants from harassment by vexatious litigation.'" *Bouzaglou v. Haworth (In re Bouzaglou)*, BAP No. CC-17-1253-SKuF, 2018 WL 4062299, at *8 (9th Cir. BAP Aug. 13, 2018) (quoting *Lucido*, 51 Cal. 3d at 343). "[T]he trial court's decision to apply issue preclusion ultimately is a matter of discretion, which turns on whether its application is consistent with these policies." *Id.*

20

Mr. Zuckerman asserts that the bankruptcy court's application of issue preclusion contravened public policy because his attorney "abandoned" him at trial. And he urges (for the first time in his reply brief) that due process militates against giving preclusive effect to the Judgment due to the "abandonment." But "[d]ue process demands only that litigants have the *opportunity* to be heard, not that they avail themselves of that opportunity. The due process rights to notice and hearing prior to a civil judgment are subject to waiver."*Garamendi v. Golden Eagle Ins. Co.*, 116 Cal. App. 4th 694, 706 n.4 (2004) (citation and internal quotation marks omitted).

Here, the record suggests that Mr. Zuckerman was aware of Mr. Garcia's strategy at trial (*i.e.*, to move for a case stay or dismissal) and chose to gamble that Mr. Garcia would prevail, obviating his obligation to attend trial. But he lost that bet. The court stated that it believed Mr. Garcia's exit was a "tactical maneuver, which he may have discussed or not discussed with Mr. Zuckerman, to confound the court proceedings for whatever reason they might have." Such maneuvering was consistent with Messrs. Zuckerman and Garcia's prior delay tactics.

Based on this record, the bankruptcy court correctly noted that

> [e]ven if [Mr. Zuckerman] was unaware that Mr. Garcia would move to withdraw at the time, there was a risk that trial would proceed, yet [he] decided not to appear. Disregarding a judgment on this basis would improperly encourage

21

defendants not to appear at trial and subsequently to attack the judgment on the basis that they did not have an opportunity to litigate their defense.

Thus, applying issue preclusion preserved the integrity of the judicial system and did not violate Mr. Zuckerman's due process rights. He has, at best, a potential malpractice claim against Mr. Garcia. *See Las Vegas Land & Dev. Co., LLC v. Wilkie Way, LLC*, 219 Cal. App. 4th 1086, 1093 (2013).

Further, Appellees would be prejudiced if they were required to retry the issues after litigating the State Court Action for seven years. Moreover, the integrity of the judicial system depends on federal courts giving full faith and credit to state court judgments. It would be a waste of judicial resources for the bankruptcy court to conduct yet another trial.

For all these reasons, the bankruptcy court did not abuse its discretion in applying issue preclusion to the Judgment.

**E. Summary judgment in favor of all Appellees was proper.**

Mr. Zuckerman claims that the bankruptcy court erred in granting summary judgment in favor of fourteen of the Appellees ("14 Appellees") who allegedly either were dismissed from the State Court Action or assigned their claims to Richard Abel—a plaintiff in a separate nondischargeability action against Mr. Zuckerman. In opposing summary judgment, Mr. Zuckerman first argued that judgment was not proper as to the 14 Appellees on the alleged basis that they had been dismissed from the

State Court Action prior to entry of the Judgment. But the record before the bankruptcy court did not support his argument.[8] The record merely consisted of: (1) the 14 Appellees' 2012 *request* for voluntary dismissal; and (2) the state court's 2014 order denying Mr. Zuckerman's demurrer in which it noted that certain *unnamed* plaintiffs had transferred their claims to Mr. Abel, but that the assignments had no effect on the viability of such claims as held by Mr. Abel.

Mr. Abel proffered the only evidence regarding potential assignments or dismissals. The bankruptcy court ruled much of this evidence inadmissible. And to the extent admissible, the evidence predated the Judgment. It was not improper for the bankruptcy court to rely on the face of the Judgment, which unequivocally determined Mr. Zuckerman liable to the 14 Appellees for fraud. Mr. Abel, who is not a party to this appeal but who has timely filed his own nondischargeability action, must seek relief before the state court to address any mistake he perceives in the Judgment regarding assigned claims. The dispute regarding who owns the claims is between the 14 Appellees and Mr. Abel, not Mr. Zuckerman.

**F. Mr. Zuckerman's request to file a supplemental brief is denied.**

After oral argument, Mr. Zuckerman filed a request to file a supplemental brief. Rule 8014(f) governs such a request. We deny the

---

[8] Mr. Zuckerman had ample time to proffer evidence in support of his argument; the court continued the hearing for that purpose.

23

request because we did not ask for supplemental briefing, the request does not meet the requirements of Rule 8014(f), and the supplemental brief does not bring any new legal authority to the attention of the Panel.

Even if we were to consider the briefing, it would not change any of the conclusions that we have reached in this memorandum. In the briefing, Mr. Zuckerman implores us to conclude that the bankruptcy court erred in giving the Judgment preclusive effect because Appellees did not include in their summary judgment motion their state court complaint upon which the Judgment was entered. He argues that by omitting the complaint from the summary judgment papers, Appellees failed to meet their burden to show that there was no genuine issue that the state court found Mr. Zuckerman liable for actual fraud as opposed to some other type of fraud that may not require proof of the same elements as § 523(a)(2)(A) fraud. We disagree.

As the moving party, Appellees bore the initial burden of production as to each material fact upon which they had the burden of persuasion at trial; their showing must have been sufficient for the bankruptcy court to hold that no reasonable trier of fact could find other than for them. *See Anderson*, 477 U.S. at 248. They met this burden by introducing a 14-page Judgment that contained detailed findings that Mr. Zuckerman was liable for intentional misrepresentation, concealment (fraud), promises without intent to perform, conspiracy to defraud, and elder abuse and that awarded

Appellees compensatory and California Civil Code § 3294 punitive damages for such fraud.

Where, as here, "the moving party has carried its burden under Civil Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "The mere existence of a scintilla of evidence . . . will be insufficient; there must be evidence on which the jury could reasonably find for [the opposing party]." *Anderson*, 477 U.S. at 252. The opposing party cannot "rest upon the mere allegations or denials of [its] pleading but must instead produce evidence that sets forth specific facts showing that there is a genuine issue for trial." *Estate of Tucker ex rel. Tucker v. Interscope Records, Inc.*, 515 F.3d 1019, 1030 (9th Cir. 2008) (internal citation and quotation marks omitted). And inferences are not drawn out of thin air; the opposing party must produce a factual predicate from which the inference may be drawn. *Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898, 902 (9th Cir. 1987).

Here, Mr. Zuckerman inadequately opined that the fraud determined in the Judgment *could have been* based on constructive fraud, vicarious liability/alter ego, or joint venture/agency without providing any evidence that the Judgment *was* for anything other than actual fraud. If Appellees in fact had pleaded a species of fraud other than actual fraud in their

25

operative state court complaint, then Mr. Zuckerman could have, should have, and almost certainly would have submitted the complaint to the bankruptcy court in opposition to Appellees' summary judgment motion. Without doing so, he simply raised an unsupported "metaphysical doubt" as to the nature of the fraud determined by the state court in the face of overwhelming evidence that it is for actual fraud. He therefore failed to meet his burden to show that there was a genuine dispute as to this issue.

## CONCLUSION

For the foregoing reasons, we conclude that the bankruptcy court did not commit reversible error in granting summary judgment on the basis of the preclusive effect of the Judgment. We AFFIRM the Order.